# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6019SI

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Patreka Harrison and | * | |
| Larry Harrison, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Patreka Harrison and | * | Appeal from the United States |
| Larry Harrison, | * | Bankruptcy Court for the |
| | * | Southern District of Iowa |
| Plaintiffs-Appellants. | * | |
| | * | |
| v. | * | |
| | * | |
| Singer Asset Finance Company, LLC, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: August 26, 2004
Filed: September 30, 2004

_____

Before MAHONEY, VENTERS and McDONALD[1], Bankruptcy Judges.

_____

Mahoney, Bankruptcy Judge.

_____

[1]The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri, sitting by designation.

Patreka Harrison ("Harrison"), the debtor in the underlying bankruptcy case, appeals from the final order of the bankruptcy court[2] dismissing her adversary proceeding against Singer Asset Finance Company, LLC. The bankruptcy court determined that the adversary proceeding complaint dealt with pre-petition causes of action which belonged to the estate and which should be administered by the Chapter 7 trustee. The bankruptcy court determined that the debtor did not have standing to bring the action and dismissed the case. We affirm.

I.

Harrison was involved in pre-petition litigation which resulted in a settlement agreement that provided for periodic payments from an annuity. Several years after the periodic annuity payments began, Harrison entered into four separate contracts with Singer Asset Finance Company, LLC ("Singer"). By such contracts she sold all or part of her right to receive the periodic payments. However, shortly after entering into the contracts, a dispute arose between Harrison and Singer with regard to the terms of the contracts.

Singer brought suit in state court in New York to enforce the terms of the contracts. Singer obtained a default judgment in New York and transcribed the judgment to the State of California, the location of the annuity company, and began garnishment proceedings against the monthly annuity payments.

Harrison filed the underlying Chapter 7 bankruptcy case and listed an ownership interest in the annuity. She scheduled the interest of Singer as an unsecured claim. Singer moved for relief from the automatic stay to continue and complete its actions in New York and California. The trustee entered into a stipulation for relief from the

---

[2]The Honorable Lee Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

automatic stay to permit Singer to proceed in the other venues, reserving all rights with regard to the estate and the debtor to contest the position of Singer.

In the underlying Chapter 7 case, the Chapter 7 trustee obtained permission of the bankruptcy court to employ the services of an attorney in New York. Through the work of that attorney, the Chapter 7 trustee was successful in obtaining an order setting aside the default judgment in New York.

Harrison filed the adversary proceeding from which this appeal arose. The adversary proceeding complaint alleges fraud on behalf of Singer with regard to the origination of the contracts, and alleges that Singer breached a fiduciary duty to Harrison. Singer moved to dismiss on the theory that the claims in the adversary proceeding dealt with an alleged asset of the bankruptcy estate, which only the trustee could assert.

Prior to a ruling on the motion to dismiss, the annuity company, Aurora National Life Insurance Company ("Aurora") filed a complaint in the underlying Chapter 7 bankruptcy case, naming Harrison, the trustee, Singer and a purported assignee, F.L. Assignments, as defendants. Aurora requests a determination of ownership of the stream of payments under the annuity and an order directing payment of the same. The payments are currently being deposited with and are under the authority of the bankruptcy court.

The bankruptcy court granted Singer's motion to dismiss for lack of standing. Harrison appeals the dismissal of her lawsuit on the theory that she has derivative standing under Eighth Circuit precedent because the trustee failed to act to assert her claims.

## II.

The issue of whether a party has standing to bring an adversary proceeding is a question of law, subject to de novo review. Korte v. United States (In re Korte), 262 B.R. 464, 470 (B.A.P. 8th Cir. 2001).

## III.

The position of Harrison is that the debtor has the right to proceed to administer a pre-petition asset which is property of the bankruptcy estate, that is, the cause of action alleged by Harrison against Singer, if the trustee unjustly refuses to act on behalf of the estate for the benefit of the estate. Nangle v. Lauer (In re Lauer), 98 F.3d 378 (8th Cir. 1996) and In re Newcorn Enter., Ltd., 287 B.R. 744 (Bankr. E.D. Mo. 2002). The proposition is premised upon the inactivity of the trustee and the unjust refusal of the trustee to act on behalf of the debtor or the estate.

In this case, the trustee has acted on behalf of the debtor and the estate. The trustee entered into a stipulation for relief from the automatic stay but reserved all rights of the debtor and the trustee to contest the claims of Singer. The trustee, with the approval of the bankruptcy court, employed the services of legal counsel in New York and was successful in setting aside the default judgment in New York. That activity eliminated the right of Singer to enforce the judgment in either New York or California. The trustee, as well as Harrison, is now a party to the litigation brought by Aurora in the bankruptcy court which concerns the rights in and ownership of the stream of annuity payments.

There was no evidence presented to the bankruptcy court that the trustee had failed to perform her duties. As mentioned above, it is clear that the trustee has performed her duties and that all rights of the estate and the debtor in the annuity

4

and/or in the contracts with Singer have been preserved and are before the bankruptcy court.

The bankruptcy judge correctly applied the law. The debtor has no standing to bring this action independently of the trustee. <u>Mixon v. Anderson (In re Ozark Restaurant Equip. Co.)</u>, 816 F.2d 1222, 1225 (8th Cir.) (causes of action belonging to debtor at commencement of case pass to trustee to assert), <u>cert. denied sub nom. Jacoway v. Anderson</u>, 484 U.S. 848 (1987); <u>Cable v. Ivy Tech State College</u>, 200 F.3d 467, 472 (7th Cir. 1999) (in liquidation proceedings, only the trustee has standing to prosecute or defend claim belonging to estate). The trustee has performed her duties appropriately and the case, with all of the issues that Harrison desires to raise, is now before the bankruptcy court.

## CONCLUSION

The order dismissing the adversary proceeding brought by the debtor concerning pre-petition causes of action, for lack of standing, is affirmed.

_____